UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | No. 2:16-cv-3033-GEB-EFB P |
| Petitioner, | |
| v. | ORDER |
| CDCR, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The court must summarily dismiss a petition if it "plainly appears . . . that the petitioner is not entitled to relief . . . ." The court has conducted the review required under Rule 4 and will dismiss the petition with leave to amend because it violates Rule 2 of the Rules Governing § 2254 Cases.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2(c), Rules Governing § 2254 Cases.

---

[1] He has also filed an application to proceed in forma pauperis. *See* ECF No. 22. Examination of the in forma pauperis application reveals that he is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915(a).

While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, a petitioner who seeks relief from multiple judgments must file a separate petition as to each judgment. *See* Rule 2(e), Rules Governing § 2254 Cases.

Here, petitioner claims to challenge an "illegal sentence" and an "illegal enhancement" imposed by the Yolo County and Los Angeles County Superior Courts. ECF No. 1 at 3. The petition provides very little information regarding the factual basis of petitioner's claims and does not include a request for relief. Accordingly, petitioner's application for writ of habeas corpus will be summarily dismissed with leave to amend. Petitioner is cautioned that any amended petition must challenge only one of his convictions and must state facts to support each ground for relief.

The court also notes that after petitioner commenced this action, he filed numerous additional documents, which are mostly incoherent and/or moot because they relate to petitioner's application for leave to proceed in forma pauperis. All outstanding motions and requests will be denied and petitioner shall not file anything further with the court until the court has had an opportunity to review petitioner's amended petition.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* (ECF No. 22) is granted.

2. Petitioner's application for writ of habeas corpus (ECF No. 1) is summarily dismissed.

3. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. The petition must bear the docket number assigned to this action and be styled, "Amended Petition." The petition must also be complete in itself without reference to any prior petition.

4. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

6.  All outstanding motions and requests are denied.

7.  The Clerk is directed to terminate ECF Nos. 6, 9, 12, 13, 16, 17, 18, 21, 23.

DATED: March 13, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE