UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

        Petitioner,

    v.

CDCR, et al.,

        Respondents.

No. 2:16-cv-3033-GEB-EFB P

FINDINGS AND RECOMMENDATIONS

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 13, 2017, the court summarily dismissed petitioner's application for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. ECF No. 27. The order granted petitioner leave to amend within thirty days and warned petitioner that failure to comply would result in a recommendation that this action be dismissed. *Id.* Despite an extension of time, petitioner has not filed an amended petition in accordance with the court's order.[1] ECF No. 32.

---

[1] Prior to issuance of the order granting petitioner's request for an extension of time, petitioner submitted an unsigned petition for a writ of habeas corpus purporting to challenge a 2007 "acquittal" in the Yolo County Superior Court and an allegedly unconstitutional traffic stop and arrest. ECF No. 33. An application for a writ of habeas corpus pursuant to § 2254 must be made by a person in custody under a judgment of a state court. 28 U.S.C. § 2254(a). Petitioner cannot be "in custody" pursuant to an acquittal and his claims for relief based upon an allegedly unlawful traffic stop and arrest are far from clear. Regardless, the petition must be disregarded because petitioner did not sign it. *See* Fed. R. Civ. P. 11(a).

1

Petitioner did, however, file objections to the court's order.  ECF No. 30.  Though not entirely clear, petitioner appears to argue that he should be permitted to pursue "a combined 1983 [action] along with a § 2254 [action]."  ECF No. 30 at 2.  Petitioner is mistaken.  Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  There is no recognized action combining both avenues for relief into a single action in federal court.

Petitioner has failed to file an amended petition as ordered by the court.  A party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The court may dismiss an action with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

2

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  July 11, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE